Okay, if you are ready, the next case is number 2010-1399, PARKVIEW ENGRAVING against the Department of Veterans Affairs, Mr. Skloot. You may proceed. Good afternoon, Judge Newman, and may it please the Court, my name is Larry Skloot. I am counsel for PARKVIEW ENGRAVING. Parkview's interpretation of the contract is the only reasonable interpretation. There are two issues before this Court. One issue deals with the question of what is the thing for acquisition in this procurement. Is it inscriptions only, or is it inscribed headstones? The second issue of contention between the parties is how many lines is included? What's the range of lines for an inscription for the acquisition in this procurement? Or is it inscribed headstone regardless of the number of lines? And I will address both of them. In Parkview's position is that the only reasonable interpretation here is that the range of lines that an inscription may include is from 6 to 11 lines, and the inscriptions are the thing to be acquired in this procurement. So point me to what in the contract refers to the lines, where you're getting that from in the contract. Yes, Your Honor. Contract section B3 paragraph 4.0 refers to the range of lines, and it says the range of lines in the drawings. And, Your Honor, I'd be happy to discuss the drawings. I've got them here. I would encourage the Court to have a set of the drawings available, and I will go through the drawings and explain the drawings to you. Can you tell me what page in the appendix were you referring to? For contract section B3 paragraph 4.0, Your Honor. It is page 23, Your Honor. The Board of Contract Appeals ignored the range in the drawings. Wait, I'm sorry. Just to tell me, we are on page 23? 23, Your Honor, under the title 4.0 Products, U1 Inscriptions. First paragraph, about the 1, 2, 3, 4th line down, where it says, 3rd line down, where it says... Page 23 of the contract or 23 of the appendix? 23 of the appendix. 23 of the appendix. The page looks like this. Yeah, and it says the contract shall ascribe all information contained on headstone orders. Yes, Your Honor. How does that help you? Your Honor, the point that helps us is where it says inscribed on the headstone ranging from the minimum number of lines to the maximum number of lines. Your Honor, in order to appreciate this particular issue, I have to start one step prior to that and explain to the Court, if I may, is that under section B2, the pricing section of the contract, it clearly states that inscriptions of the headstones, the subject being the inscriptions, is the thing to be acquired for compensation. That's the $59 unit price. Now, what's very important here is that the Board has ignored the definition of offer item. The definition of offer item is clearly spelled out in the contract, and that provision is paragraph, contract section B1. The offer item is defined very, very clearly, and that's inscriptions to be engraved on the government-supplied headstones. We are not supplying the headstones. The government is supplying the headstones. So then when you look at the pricing provision, the pricing provision says the contractor will get compensated for inscriptions of the headstones. Then, another interesting piece of this which ties it together is that the evaluation of the offer submitted will include an inscription sample on marble, clearly. And it says, what's interesting about that, it says that the inscription sample will be evaluated to determine the offeror's ability to perform the inscriptions. And that's because the inscriptions is the very thing to which the government is acquiring. The government, Judge Borwick in his decision has stated that the contractor must deliver the inscribed headstones. The judge is correct that the contract does say in contract section 3.1 that the inscriptions will be delivered, obviously, along with the headstones. You can't divorce the inscriptions from the headstones. That's a foregone conclusion. Nonetheless, it doesn't change the fact that the acquisition item to be acquired here are the inscriptions. But it says the maximum. I can see that it's confusing. But it says the maximum as shown in the drawings. With all due respect, Your Honor. And the drawings do show front and back, let's say 22 lines, maximum if you count the front and back. Your Honor, it does not. With all due respect, Judge Newman, it says the range. And the range, Your Honor, is clearly denoted in the upper left hand corner of drawing AU1-1. In drawing AU1-1, it has a contract requirement. The contract requirement is the line inscription placement in detail. The line inscription placement in detail is clearly denoted as such right here. And it goes from 6, 7, 8, 9, 10, and 11. Six lines. Paragraph 4.0 refers to the range of lines. The range on a face of a headstone. Your Honor, here is the face of the headstone. The contract line inscription placement in detail goes from 6 to 11 lines on one face. Yeah, but I'm not getting that. The reference back to the lines, it says, is shown on the drawings listed in Section 23 above. Section 23 above, Your Honor, lists the drawings. And it lists the one which has front and back. Yes, ma'am. So it includes the range that's covered by those that have lines in the front and the back. No. Why not? No. Because drawing AU1-1, if you pull the drawings out, Your Honor, Where is that referenced in 23? I mean, I'm just looking at what you directed us to in terms of the maximum number of lines. The maximum number of lines. Section 23 refers to drawings AU1-1 and AU1-2. There is a contract requirement in this drawing, and it's a line inscription placement in detail telling the contractor where these lines get inscribed on the one face of a headstone. And the inscription line placement in detail will vary. It will vary depending on the number of lines on the face of the headstone because there's less space as you get more lines on the face of the headstone. They have to tell the contractor the spacing gets changed as you go along on the headstone. That's the contract requirement right here. Okay? Then the drawing goes on, and it gives an illustration in order for one face to be inscribed on a headstone. And then, Your Honor, I'm going to go to your drawing that you're referring to, drawing number 2. It then refers the contractor to drawing number 2. It says right here on the bottom, it says, If you're going to have an inscription on the reverse side. Now, Your Honor, I will answer your question, and now let's proceed to drawing number 2. And I'll answer your question about why does it include 22. When you go to drawing number 2, drawing number 2 will show you the line inscription placement in detail for a face of the headstone, and it says for the rear face. Why does it do that for the rear face? Because the rear face has a sectioning grade number on the back, and that takes up space too. So the line inscription placement in detail is varied for the rear face when you have the maximum number of lines on the rear face being 11. And so this drawing shows you the rear face placement in detail, and it says headstone rear face. Then when you go to the drawing right here for the title, it's U1 reverse. This drawing is for the U1 reverse. Yes, it is showing. Judge Prost, the answer to your question. Yes, it is. Drawing AU1-2 is depicting the front and the back. Yes, 11 and 11 is 22. But the range, Your Honor, is depicted on this drawing from 6 to 11 for one face of a headstone. It is not for the aggregate. The range doesn't go to 22. That would be the aggregate of both sides. I asked the court the question. It's a rhetorical question. I'll answer it myself. What is the minimum for the aggregate? There is no minimum for the aggregate of both faces. They didn't write it that way. The issue before the court is the range of lines. 4.0 refers to the range of lines. They give the contractor the line inscription placement in detail for one face of a headstone. And when you inscribe it, if you compare, Your Honor, in your drawings, and if you look at line inscription placement in detail for 7 lines versus 10 lines, you'll notice that the placement of the lines is a little bit different. Because you have less space to inscribe. So they gave the contract requirement, the line inscription placement in detail, is a contract requirement for inscribing 6 to 11 lines on one face of a headstone. Why does that also mean the rear side of the headstone? Well, I'll answer that question, Your Honor. Because this is for a standard headstone, it's a generic face. It's one face. It's applicable to one face only. But when you get to the rear face, what's different is for the rear face, the rear face encompasses more information. And that's the section engraved number. So what they did is they gave the maximum number of lines, line inscription placement in detail, for the rear face, the headstone rear face right here. So that's why you can take the line inscription placement in detail in drawing number 1, which is applicable for one face, but when the drawings go to the rear face, if you're going to have an inscription on the rear face, look to the second drawing. They're doing that because you have less space to inscribe on the rear face when you have the section engraved number on the rear face. The section engraved number is always on the rear face. When the rear face is inscribed, is that because it's intended that another family member, another spouse would be interred with the same headstone? Yes, Your Honor. And, Your Honor, Judge Prost, your question, they wrote the drawings in such a manner that the range is 6 to 11 lines on one face. The key here, Your Honor, is one face. They didn't write the range for the aggregate of the faces. Again, we're looking at the key word is range. What is the range depicted in the drawings? And the contract requirement clearly dispels out, the contract requirement clearly spells out the range right here in the upper left-hand corner. So if you have, for example, 6 lines, Your Honor, that spacing will vary as compared to a 10-line inscribed headstone. So they only gave the inscription detail. You only need it utility-wise. You only need it for one face. When you inscribe the reverse face, it's going to be the same thing. They didn't give it twice because there's no need to. The reverse face is still only one face. Correct. That's why this is just applied for one face. You don't give it twice. They didn't give this detail right here, 6 to 11 lines, twice. The range is for one face. They don't have to because the reverse side is only one face. Correct. But the second drawing, if you have 11 lines on the rear face, you will, if you go to the second drawing, they do give you alignment. It makes it lower. Yes, so they give you a different line inscription placement in detail because the spacing is different when you have the maximum number of lines on the rear face because you have the section engraved number taking up space on the rear face. That's why they give you, that's why this is called headstone rear face. And they're giving you the line inscription placement in detail for 11 lines because you can't use the 11-line inscription placement in detail in this drawing, drawing number 1, because you have the section engraved number that takes up space in the rear face. But you can show it on your headstone rear face is drawing number 2. Right. Which shows the lines being 11 lines. That's right, and they refer to it, they refer to that in this drawing, although it's inscribed on both faces, they do refer to it as a maximum scenario for the reverse face. There is no range for the aggregate, Your Honor. There's a range for one face of a headstone. The range cannot be, you can't go from 6 lines on one face and say the range goes up to 22. They didn't say 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22. They went from 6 to 12. You don't need that. If you're inscribing only one face, the maximum that you would have would be 11 lines on the front face and the back face. That's correct. So you would have the front face and the back face limited to 11 lines. Each face would be limited to 11 lines. Why isn't the rear face being one face covered? I didn't understand your question, Your Honor. I didn't hear your question. All right. You're saying that the rear face is not included in the contract. No, I didn't say that. That wasn't my position with all due respect, Your Honor. I'm not saying the rear face is not included in the contract. That's not what this case is about. No, Your Honor. The rear face is included in the contract. Right. So it's included in the contract and it's limited to 11 lines. Yes, Your Honor. The question I gather is whether there is a payment for both the front and the back. Yes. I understand that. Okay. But why isn't the rear face also considered a face, one face? It is considered one face. When they say unit price in the contract, are you referring to the unit of the headstone? Or your position is you're referring each side, each face is considered a separate unit? Is that your view? Our view is the contract states that the unit price is for inscription of upright marble headstone. The subject there is inscription. The question is what's the definition of inscription according to the drawings when you read the product? They want us to read an inscription of one but not both sides. But not both sides. $59 for one side, and if you inscribe both sides, it's $59 times 2. Yes, Your Honor. And that is the way the drawings are written. They give a range for an inscription to one face, 6 to 11. They don't give a range for the aggregate of both faces. There's a disconnect if you say that the aggregate is 22 lines being the maximum. Then the question of the court is what's the minimum for the aggregate? What is the minimum for the aggregate of both faces? They didn't write the drawings that way. Let me ask you just back to Judge Newman's question just for my own edification. This is something that was contemplated, correct? I mean this is quite a common occurrence in terms of doing these headstones for the military facilities that a number of them, at least a percentage as reflected by the amount of the claim, a reasonably large percentage of those typically have both sides for the spouses, and that was something that was clearly contemplated, correct? Yes. We're not saying that the only thing about this case is we claim in this case is the contract requires compensation for an inscription to one face of a headstone. That's the only thing this case is about. The government's claiming you get compensated for a headstone once you return it inscribed. We compensate for your headstone. But, Your Honor, Section B.2 doesn't say you get compensated for a headstone returned to the government engraved. It clearly states that you get compensated for an inscription to a headstone or of a headstone, the subject of the phrase being inscription. We'll save your rebuttal time. We'll ask the government these questions too. Mr. Grimaldi, are you willing to agree that there is a certain uncertainty or confusion, obviously in the performance, but perhaps also in the substance of what was offered for bidding? May I please report, Your Honor, to the afternoon? No, I would disagree, Your Honor, that there was no confusion in either... But is it crystal clear that if you are asked to engrave both sides of the headstone, you're paid the same as if you're only asked to engrave one side? Absolutely, Your Honor. As the Board said, this contract is as clear as words can make it. And the Board, when interpreting this, actually found the plain meaning of this contract. There's no disagreement between the Board and the plain meaning, unambiguous interpretation of this contract. Looking to the contract, on page 22 of the Joint Appendix, we have the deliverable section. Now, this is what Parkview would be delivering. And this is section 3.1 on JA-22. It states that the deliverable here is an inscribed upright marble headstone. So that's what the contractor will be supplying here. Now, there's some disagreement between the parties as to whether the work to be done is an inscription or the work to be done is to deliver an inscription or to deliver an inscribed marble headstone. You can only supply an inscribed marble headstone. You cannot deliver an inscription. An inscription doesn't exist without something inscribed onto it. And the Board understood that. Secondly, looking at the pricing section, which is the majority of what Appellant discussed here, there is one single price here for an inscribed headstone, whether or not it's inscribed on one face or on both faces. Well, it doesn't come right out and say that. Yes, it does, Your Honor. It absolutely does. Now, what's confusing about this argument today is that Appellant's counsel is saying the key is one face. The key is one face. It doesn't say one face in the pricing section of this contract. Neither does it say two faces. Well, it says to look at both drawings, Your Honor. It says to quote JA-23 and section 4.0, This all-inclusive price includes any and all items as shown on drawings A, L, N, C, and E to be inscribed on the headstone ranging from the minimum number of lines to the maximum number of lines as shown on the drawings listed in section 2.3 above. But there's something curious about a procurement which pays exactly the same for half as much work or twice as much work. That is whether you inscribe 11 lines on one face or you have an equally lengthy inscription for a spouse on the back face. Your Honor, I don't think there's anything curious about it. It's a business practice that does exist in today's society. It's easier sometimes for somebody who's acquiring something to set a single price and let consumers pick how much they intend to consume. For instance, let's say... Well, give or take, but maybe not twice as much. Well, Your Honor, if it's, for instance, an all-you-can-eat buffet, I might bring my family and we might all pay $15 to enter. But shouldn't there have been something a bit more explicit if that's what was intended? It does look as if it took this contractor by surprise. I know that the board said it was clear. And that if it wasn't clear, there should have been an inquiry. There is a certain substance to that reasoning. I agree. Well, Your Honor, I would have to disagree with you that it took this contractor by surprise. It wasn't until after a numerous amount of two-sided headstones did they actually send a letter to the VA complaining. If they really were surprised, why wasn't there a complaint after the first double-sided headstone order? It's only after they started to lose money did they realize, oh, wait, there's a problem here. It's not unusual, is it, to start to argue with your contracting party until you get a sense of the magnitude of the problem. Well, Your Honor, the magnitude of the problem should have already been available to them. This is a veteran's cemetery, and as we discussed earlier at the court, the double-sided headstone is when there's a veteran on the front and his family on the back. This is going to repeatedly occur. So as soon as there was a first one and an invoice went in and only received $59 for a two-sided headstone, at that point the surprise would have been ruined, Your Honor. There's no surprise here. The contract is very clear. Turning to specific arguments about the interpretation of this section, the court view argues that there is no use of the AU-1-1 drawing in the Prop 4.1, the pricing section, that the board only looked to AU-1-2, and that would be the double-sided. Well, actually, AU-1-1 does fit in with this interpretation. This section says that in JA-23, the all-inclusive price includes all items to be shown on the A, L, N, C, and E drawings to be inscribed on the headstone ranging from the minimum number of lines to the maximum number of lines as shown on the drawings listed in Section 2.3. Why couldn't that be interpreted to mean one side or the other? Why couldn't it be just one-face payment of $59 and second-face payment for $59? Well, Your Honor, the answer to that is in your question to me. As you say to me, why can't it be on one face? Because it doesn't say on one face. It just says the minimum to maximum on the headstone, and a headstone can physically have 22 lines on it. On one face? On a headstone, Your Honor. On one face? Again, not a face. On one face? Each face can have 11 lines. Which side? No, the side of a headstone is actually the physical side. So then you have the two faces. We have the front and back. And there can be 11 on the front and 11 on the back, so a maximum of 22. So when they say the minimum. Maximum of 11 per face. 11 per face. That would be 22 total. Again, you have to add. So if you add the two, that means you're not on one face, you're on two faces. Correct. You're on two faces, Your Honor. And when the prescription requires 11 lines, does that mean one face or two faces? I'm sorry. When the contract requires 11 lines per face. The contract actually requires to be inscribed on the headstone, ranging from the minimum number of lines to the maximum number of lines, Your Honor. It doesn't say on a face. It just says minimum number on a headstone. The minimum number, what's the maximum number? The minimum is shown on AU11, which would be the first drawing. Up in the left-hand corner of that drawing, Your Honor, they show a headstone with nothing on the back and six lines. Over these two drawings, AU11 and AU12, there are no less lines. That is the smallest amount of lines you see on a headstone at that point. So it could go from 6 to 11 on each face. It doesn't go from 6 to 22. Correct. Correct, Your Honor. But it goes 6 to 22 on a headstone, 6 to 11 on a face. Well, actually 0 to 11 on a face, Your Honor. Apologize for that, yes. It would have to be 0 on the back in that situation. Well, you always have to have something on the back. The grave marker. You have to have the number or whatever, the location. That seems to be a given, Your Honor. It is on even the blank side of a headstone has a grave number. That's simply to be able to find the grave. When you look at these drawings, you'll notice that when they say there's a 6 line, excuse me, an 11 line back or a 10 line back or what have you, they never count the grave number. The grave number is an addition. So when I say that it's blank on the back, Your Honor, I mean to say that there's 0 lines on the back, not emptiness. So it's 11 and 11 maximum on each side. 22, yes, 11 and 11 on each side for a total of 22, Your Honor. So if that's the case, then you couldn't put 22 lines on one face. Correct. That's not part of the contract. If we had required Parkview to put 22 lines on a single face, I would understand why they're here today because that's not what 4.0 says you can do. 4.0 says you could have a minimum number of lines to a maximum number of lines on a headstone, not on a face. So AU-1-1 is not ignored. It sets the minimum. AU-1-2 sets the maximum. Next, Parkview argues that the board misinterprets the word maximum in 4.1. Part of this argument in their brief, they mention that the words maximum scenario is written underneath on AU-1-2, the backside of the headstone, not underneath, let's say, both or in the middle. It only appears here. Therefore, they think the maximum scenario is this rear picture that has 11 on each side. This is illogical, Your Honors. The backside of a headstone cannot be the minimum. The backside wouldn't exist without a front side. It simply appears their argument is almost saying, like, the end needs to be scattered throughout a book. Why can't it be at the end of the book? Here we have a headstone. We have 11 lines on the front, 11 on the back. That's the maximum scenario. You say the maximum scenario after that. So there's no inconsistency here. Next, Parkview says that the board added lines to 4.0 when interpreting it. There's nothing added here. In fact, Parkview argues that there should be adding of lines. They think that it should say minimum number of lines to maximum number of lines on a face. It simply doesn't say that. Parkview also argues that there's an inane economic result in this case. I think we touched on that a little bit, Your Honors, when we talked about the buffet analogy. There's no bizarre result here. Parkview was to propose a price that would cover their bases if there was an order of one face or both faces, and they simply did not, apparently, and that's why we're here today. This has nothing to do with an inane economic interpretation by the board. Furthermore, even if Parkview does present an interpretation of a contract to sort of counter the board's and attempt to prove an ambiguity, the only one they could prove here is a patent ambiguity because they look to the face of the contract for an interpretation. In such a situation, it was the contractor's responsibility to inquire into this interpretation before the offer, and because they did not in this situation, it should be interpreted against them. Thus, the board and the plain meaning of the interpretation should exist and the court should affirm this on alternate grounds. Well, Your Honors, if you have no further questions, we respectfully request that this Court affirm the decision of the CPCA. Any questions? Any more questions? All right. Thank you, Mr. Grimaldi. Thank you, Your Honors. Mr. Skloot, you have some rebuttal time. Thank you. Thank you, Your Honor. I appreciate the time. Your Honor, am I on? Your Honor, the range must be established on the same unit of measure. There has to be a continuity of unit of measure when you establish a range. The range in the drawings ranges from 6 to 11 lines for the contract requirement, the line inscription placement in detail, and they did that deliberately. They did not establish a range from 6 to 22. Once you exceed 11, you are now going into the aggregate of both faces. They did not write the drawings that way. It specifically gave a contract requirement in the upper left-hand corner of this drawing. The contract requirement is telling the contractor where the lines get inscribed on the one face of a headstone, and you take that requirement and you apply it. As the drawings do, you apply it. This middle of the drawing here on AU1-1 shows an order for one face. They're illustrating the application of the contract requirement here for the maximum of 11 lines on one face. That is an order when the government issues an order for one face of a headstone to be inscribed. That's illustrative of the application of the maximum 11-line inscription placement in detail contract requirement in the upper left-hand corner of drawing AU1-1. Now, the contract drawings then refer to the contractor to drawing AU1-2 when there's going to be a reverse inscription. Now, what happens is when you go through that drawing, drawing AU1-2, the contractor then will see that the government has provided, and by the way, Your Honor, this drawing is entitled U1 Marker in the bottom right-hand corner. It says U1 Reverse Marker. This is for the reversed side. It's an application of an order for two faces to be inscribed. Now, what they did, remember we're talking about a range has to be the same unit of measure. The unit of measure being one face, not the aggregate. They don't have a range of lines for the aggregate. I asked the court a rhetorical question before. What is the aggregate minimum here? They didn't write it because there is none. The minimum is established as six lines for one face. Therefore, there's a disconnect for the government to argue that 22 lines is the maximum because that's the aggregate of both faces. The key word I said at the beginning, Your Honor, is range. What is the range of lines? And the range is based on one continuum, and that is one face of a headstone. They did this drawing, Your Honor, because they recognize that the inscription placement in detail for a maximum of 11 lines on the reverse face is going to shift a little bit than compared to the information provided here for the maximum number of lines. And the reason being is because when you read the drawings, you'll notice you have the section grade number on the reverse side. That takes up space. So when you add 11 lines to the reverse side, they are telling the contractor, look, your spacing is going to vary a little bit than compared to the spacing we showed you in the first drawing for a maximum of 11 lines on one face. So if you compare the two, you'll see that the spacing is different. So again, Your Honor, the range is from 6 to 11 lines for one face of a headstone. That's the definition of an inscription under the pricing section for which compensation is required. It does not say, and the government keeps repeating, minimum and maximum in the abstract. It says range of lines, ranging from the minimum and the maximum as shown in the drawings. And the drawings show that the range goes from 6 to 11 lines on one face. They didn't give a range to be applied in the aggregate. They defined minimum and maximum in terms of one face. That's what the range is. Your Honor, the contract is clear as the words can make it. The court should affirm this appeal and require that the government compensate Parkview Engraving for its claim. Thank you very much for your time. I would like you to sustain the appeal and reverse. Yes, Your Honor, of course. Thank you, Your Honor. Thank you. May it please the court. Thank you. Thank you, Mr. Squirt. Thank you, Mr. Grimaldi. The case is taken under submission.